UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GLOBAL MERCHANT CASH, INC.,

                            Plaintiff,

      -against-                                  **REPORT AND RECOMMENDATION**
                                                                  23-CV-3308-LDH-SJB

BUILDER'S INNOVATION GROUP, and
JORDAN NATANIEL BOX

                            Defendants.
----------------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

       Defendants Builder's Innovation Group and Jordan Nataniel Box ("Defendants") removed this case, which seeks damages of approximately $93,000 for breach of contract, to this Court on May 2, 2023.  (Notice of Removal, Dkt. No. 1).  Currently pending is Plaintiff Global Merchant Cash, Inc. ("Global Merchant")'s motion to remand, which the Court recommends be granted.

       The case was initiated in state court when Global Merchant filed a Summons with Notice in Supreme Court, Kings County on March 15, 2023.  (Notice of Removal at 1; (March 15, 2023 Summons with Notice, attached as Ex. 1 to Defs.' Mem. in Opp'n to Pl.'s Mot. to Remand ("Summons with Notice"), Dkt. No. 9-2).  It then filed its Complaint on April 2, 2023.  (Notice of Removal at 1).

       The sole dispute before this Court is whether the removal was timely, *i.e.*, whether it was filed "within 30 days after the receipt by the defendant[s] . . . of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  Global Merchant contends that the March 15 Summons with Notice triggered the 30-day clock, which by its calculation expired in

mid-April,[1] and therefore Defendants' removal on May 2nd was untimely. To be sure, "a summons with notice may serve as an initial pleading under section 1446(b)" sufficient to trigger the 30-day removal period. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 203–205 (2d Cir. 2001) ("[W]e observe that the statute does not require the receipt of a *complaint* for triggering the removal period."). Indeed, "the summons with notice generally provides information from which a defendant can ascertain removability[.]" *Id.* at 204. In response, Defendants contend that Global Merchant's citizenship could not be ascertained from the Summons with Notice, and as of that filing, they could not determine whether the action was removable. (Defs.' Mem. in Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n Mot."), Dkt. No. 9 at 4). Information about Global Merchant's citizenship was not available, Defendants argue, until the Complaint was filed on April 2, 2023. *Id.*

"A pleading enables a defendant to intelligently ascertain removability when it provides 'the necessary facts to support [the] removal petition.' In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." *Whitaker*, 261 F.3d at 206 (internal citations omitted) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997)). Global Merchant argues that although the Summons with Notice does not state its address, the document references a contract that itself contains the relevant information. (Pl.'s Mem. of Law in Supp. of Mot. to Remand dated May 15, 2023 ("Pl.'s Mem. of Law"), Dkt. No. 6-4 at 3–4). And as such, it argues that this filing

---

[1] Global Merchant argues that the 30-day period began no later than March 21, 2023, when Defendants' counsel filed a notice of appearance in state court. (Pl.'s Mem. of Law in Supp. of Mot. to Remand ("Pl.'s Mem. of Law"), Dkt. No. 6-4 at 1–2). As indicated below, the Court can only conclude that the period began on March 24, 2023.

enabled "defendant to intelligently ascertain removability." (Pl.'s Reply Mem. of Law in Further Supp. Of Mot. to Remand dated May 31, 2023, ("Pl.'s Reply Mem. of Law"), Dkt. No. 10 at 1). But the Summons with Notice does not include the agreement itself. Global Merchant is essentially arguing that Defendants should have done additional work to determine whether the case was removable. Indeed, at one point Global Merchant argues its citizenship can be readily ascertained on the New York Secretary of State's website, implying Defendants should have conducted a search to determine removability. (*Id.* at 2). A party does not have to take such steps to ascertain removability.[2] *Cf. Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("We join the Eighth Circuit, as well as all of the district courts in this Circuit to have addressed the issue, in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly specifies* the amount of monetary damages sought.") (emphasis added). Indeed, the Second Circuit, in a post-*Whitaker* case rejected the very proposition being advanced by Global Merchant:

> While a defendant must still apply a "reasonable amount of intelligence" to its reading of a plaintiff's complaint, we do not require a defendant to perform an independent investigation into a plaintiff's indeterminate allegations to determine removability and comply with the 30–day periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3). Thus, a defendant is not required to consider material outside of the complaint or other applicable documents for facts giving rise to removability, and the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability *or alleges sufficient information for the defendant to ascertain removability.*

---

[2] Nor is counsel's general familiarity with Plaintiff from other litigation sufficient to start the removal clock. *Artists Rts. Enf't Corp. v. Jones*, 257 F. Supp. 3d 592, 595 (S.D.N.Y. 2017) ("A defendant's subjective knowledge is not sufficient to start the removal clock.").

3

*Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) (internal citations omitted) (emphasis added); *see also Intelligen Power Sys., LLC v. dVentus Techs. LLC*, 73 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) ("It is well-settled that a defendant has no independent duty to investigate whether a case is removable.").

Unfortunately, this does not save Defendants' removal. Defendants are plainly correct that the Summons with Notice, lacking any information about Global Merchant's citizenship, could not have triggered the 30-day removal clock. And Defendants were not required to do other research, investigation, or look beyond that document to determine Global Merchant's citizenship. That being said, after the Summons with Notice was filed, the contract that was the basis of the action—the Merchant Agreement—was filed on the state court docket on March 24, 2023. (Merchant Agreement filed by Kings County Clerk on Mar. 24, 2023 as Index No. 507932/2023, attached as Ex. B to Pl.'s Reply Mem. of Law ("Merchant Agreement"), Dkt. No. 10-3). The Merchant Agreement lists Global Merchant's New York address at the top of the document. (*Id.* at 2). In other words, pre-Complaint documents provided Defendants sufficient information on which to initiate a removal, even if the Summons with Notice did not. 28 U.S.C. § 1446(b)(3) ("[If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *e.g.*, *El-Said v. BMW of N. Am., LLC*, No. 19-CV-02426, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) ("[T]he Court concludes that the sales contract governing Plaintiff's purchase of the Subject Vehicle is capable, upon receipt by

BMW, of acting as an "other paper from which it may first be ascertained that the case is one which is or has become removable." Because in this instance the sales contract was the first document in this litigation indicating that the parties' citizenship is diverse, the Court finds that BMW's receipt of the sales contract so acted and operated to trigger the . . . thirty-day removal window[.]"). Given that the Defendants necessarily received the Merchant Agreement on March 24 (having appeared in the case on March 21, *supra* n. 1), the 30-day time for removal expired on April 23. Having removed the case after that date, Defendants' removal was untimely, and the case must be remanded. It is, therefore, respectfully recommended that the Clerk of Court remand this case to state court. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008); *e.g.*, *Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020) (affirming remand initiated after expiration of 30-day period).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

/s/ Sanket J. Bulsara   December 5, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

5