UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GLOBAL MERCHANT CASH, INC.,

Plaintiff,

v.

BUILDER'S INNOVATION GROUP and
JORDAN NATANIEL BOX,

Defendants.

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

23-cv-3308 (LDH) (SJB)

LASHANN DEARCY HALL, United States District Judge:

Builder's Innovation Group ("Merchant") and Jordan Nataniel Box ("Mr. Box") (collectively, "Defendants"), removed this case where Global Merchant Cash, Inc. ("Plaintiff") seeks damages for breach of contract. Plaintiff filed a motion to remand, seeking to remand this action to state court. (Mot. to Remand, ECF No. 6.)

## BACKGROUND

Plaintiff commenced this action in Kings County Supreme Court on April 3, 2023. (Compl., ECF No. 1 at 16.) According to the complaint, Plaintiff entered an agreement with Merchant on February 1, 2023, under which Plaintiff agreed to purchase future receivables valued at $95,200.00 for $70,000.00. (*Id.* ¶ 6.) Pursuant to the agreement, the parties agreed to establish a depositing account to hold Merchant's settlement amounts due from each transaction of receivables, and from which Plaintiff would receive $453.33 daily. (*Id.* ¶ 7.) In addition, Mr. Box personally guaranteed that Merchant would perform its obligations under the agreement. (*Id.* ¶ 10.) Although Merchant made some of the daily payments in the total amount of $7,706.61, payments ceased on or about February 28, 2023. (*Id.* ¶¶ 8–9.) Plaintiff, therefore, maintains that Defendants are in default of $92,693.39, which includes a default fee of $5,000.00 and a blocked account fee of $200.00. (*Id.* ¶¶ 9, 13.) Defendants removed this action on May 2,

2023.  (ECF No. 1.)  Plaintiff filed a motion to remand on May 15, 2023, which the Court referred to Magistrate Judge Sanket J. Bulsara for a report and recommendation ("R&R").  (ECF No. 6.)

On December 5, 2023, Magistrate Judge Bulsara issued an R&R, recommending that Plaintiff's motion to remand be granted.  (ECF No. 11.)  The sole issue before the court was whether removal was timely, that is, whether it was filed "within 30 days after the receipt by the defendant[s] . . . of a copy of the initial pleading."  (R&R at 1) (quoting 28 U.S.C. § 1446(b)(1).)  Judge Bulsara found that the 30-day removal clock was triggered on March 24, 2023.  (*Id.* at 2 n.1.)  Defendants were therefore required to file any notice of removal on or before April 23, 2023, and their removal on May 2, 2024 was untimely.  (*Id.* at 5.)  Defendants timely objected on December 19, 2023.  (Defs.' Objs. To R&R ("Defs.' Objs."), ECF No. 12.)  Plaintiff filed a response to the objections on December 20, 2023.  (ECF No. 13.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection.  *Id.*  Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

Defendants object to the R&R's finding that the merchant agreement enabled them to determine Plaintiff's citizenship, and in turn, whether this action was removable. (Defs.' Objs. at 3–8.) According to Defendants, the affidavit of service for the summons was a facially deficient "nullity" because it failed to state the date on which the summons was served on either defendant. (*Id.* at 4.) Moreover, Defendants maintain they could not discern Plaintiff's citizenship from the merchant agreement, because although it listed Plaintiff's address in New York, corporate citizenship is determined by the state of incorporation and principal place of business, neither of which is necessarily determined by an office address. (*Id.* at 4–7.) The Court rejects these arguments.

As an initial matter, Defendants' argument regarding any deficiency in the affirmation of service is irrelevant considering Judge Bulsara *agreed* with Defendants that the summons with notice was insufficient to start the removal clock. (R&R at 4) ("Defendants are plainly correct that the Summons with Notice, lacking any information about Global Merchant's citizenship, could not have triggered the 30-day removal clock."). But, as Judge Bulsara went on to explain, "this does not save Defendants' removal." (*Id.*) This is because, even where it cannot be determined from the initial pleadings whether a case is removable, the 30-day clock will nonetheless commence "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Here, Judge Bulsara found the 30-day removal clock was triggered on March 24, 2023, when Plaintiff filed "[an]other paper," *i.e.*, the merchant agreement, on the state docket. (R&R at 4–5.)

3

Thus, any argument regarding the affidavit of service is irrelevant when the R&R found the operative document that triggered the removal clock to be the merchant agreement.

In any event, Defendants argue that filing of the merchant agreement could not trigger the removal period because the New York office address listed on the agreement does not indicate Plaintiff's state citizenship.  (Defs.' Objs. at 4–7.)  While Defendants are not required "to perform an independent investigation into a plaintiff's indeterminate allegations to determine removability," they must nonetheless "apply a reasonable amount of intelligence in ascertaining removability."  *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (internal quotation marks and citation omitted).  Here, as Judge Bulsara found, reading the merchant agreement with "a reasonable amount of intelligence" would reveal that Plaintiff is a citizen of New York.  The agreement twice lists Plaintiff as having a New York address, which alone provided sufficient notice for Defendants to ascertain the removability of this action. (Merch. Agr. at 2, 9, ECF No. 10-3); *see Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) ("In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy *and the address of each party*.") (emphasis added); *see e.g.*, *Phoenix NLP, LLC v. Cap. Hotel, Inc.*, No. 1:15-CV-80, 2016 WL 165015, at *2 n.2 (N.D.N.Y. Jan. 13, 2016) (complete diversity "existed on the face of the Complaint" where corporate plaintiff was listed as a "national banking association, having an address" in Chicago).  Moreover, Defendants have identified nothing else in the agreement to suggest that Plaintiff might be the citizen of a different state.  In fact, as set forth in the merchant agreement, it is governed by New York law, limited to adjudication in New York courts, and subject to New York arbitration rules.  (*Id.* ¶¶ 1.7, 4.6, 4.12.)  Thus, the merchant agreement enabled Defendants

to "apply a reasonable amount of intelligence in ascertaining" whether this action was removable. *Cutrone*, 749 F.3d at 143.[1]

## CONCLUSION

For the foregoing reasons, Magistrate Judge James M. Wicks' R&R is ADOPTED as the opinion of this Court, and Plaintiff's motion to remand is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2024

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[1] Defendants seek to distinguish *El-Said v. BMW of N. Am., LLC*, where the Central District of California found that receipt of a sales contract triggered the removal window because it "lists a San Bernardino County address for Plaintiff, showing that he is a resident of California, and thereby indicating that Plaintiff is domiciled in California, and thus a citizen of California." No. 819-CV-02426, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020). Defendants maintain the rationale from *El-Said* is inapposite when applied to corporations because their citizenship is determined by a "different standard," which looks to the state of incorporation and principal place of business. (Defs.' Objs. at 4–5.) Defendants are correct, in a literal sense, that an office address is not strictly dispositive of where a corporation is a citizen. But the same can be said for individuals. By Defendants' own logic, simply listing an address for an individual in one state does not guarantee that he or she is a citizen of that state. The law, however, does not require the literalist approach that Defendants suggest. Instead, parties must "apply a reasonable amount of intelligence," which doing so here would have enabled Defendants to ascertain the removability of this action. *Cutrone*, 749 F.3d at 143.